# EXHIBIT A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 32631271**
**Date Processed: 11/05/2025**

**Primary Contact:**     Marc P. Clements
Jarden Corporation
3600 North Hyrdaulic Street
Wichita, KS 67219-3812

| | |
|---|---|
| **Entity:** | Newell Brands Inc.<br>Entity ID Number  0100757 |
| **Entity Served:** | Newell Brands |
| **Title of Action:** | Kenneth Miller vs. Newell Brands |
| **Matter Name/ID:** | Kenneth Miller vs. Newell Brands (18129909) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 25LBCV02942 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 11/04/2025 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | The Novak Law Firm, P.C.<br>310-921-8712 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NEWELL BRANDS; TARGET CORPORATION; DOES 1 to 99, inclusive; and ROES 1 to 99, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KENNETH MILLER

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/22/2025 3:12 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Miranda, Deputy Clerk

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* LASC-Gov.George Deukmejian Ct.

275 Magnolia Ave., Long Beach, CA 90802

CASE NUMBER:
*(Número del Caso):*
**25LBCV02942**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sean M. Novak, Esq., THE NOVAK LAW FIRM, P.C., 2609 N. Sepulveda Blvd., Manhattan Beach, CA 90266, (310) 921-8712

DATE: *(Fecha)* 10/22/2025     Clerk, by David W. Slayton, Executive Officer/Clerk of Court, Deputy
                               *(Secretario)* A. Miranda *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*   NEWELL BRANDS
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* a business entity
4. ☒ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/22/2025 3:12 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Miranda, Deputy Clerk

SEAN M. NOVAK, ESQ. (BAR NO. 198307)
FARBOD YOUMTOBIAN, ESQ. (BAR NO. 322576)
**THE NOVAK LAW FIRM, P.C.**
2609 North Sepulveda Blvd.
Manhattan Beach, California 90266
Tel: (310) 921-8712
Fax: (310) 921-8732
E-mail: service@novaklawfirm.com

Attorney for Plaintiff
KENNETH MILLER

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES-GOVERNOR DUKE DEUKMEJIAN

COURTHOUSE

| | |
|---|---|
| KENNETH MILLER,<br><br>Plaintiff,<br><br>v.<br><br>NEWELL BRANDS; TARGET CORPORATION; DOES 1 to 99, inclusive; and ROES 1 to 99, inclusive,<br><br>Defendants. | CASE NO.: 25LBCV02942<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>1. **STRICT PRODUCTS LIABILITY-FAILURE TO WARN;**<br>2. **STRICT PRODUCTS LIABILITY-DESIGN DEFECT;**<br>3. **STRICT PRODUCTS LIABILITY-MANUFACTURING DEFECT;**<br>4. **NEGLIGENCE**<br><br>**[DEMAND FOR TRIAL BY JURY]** |

**COMES NOW** Plaintiff KENNETH MILLER and alleges as follows:

1. At all relevant times Plaintiff KENNETH MILLER (hereinafter referred to as "Plaintiff") was and is an individual who is a resident of the State of California, living in the City of Long Beach, County of Los Angeles, in the State of California.

2. Plaintiff is informed and believes, and thereon alleges, that at all relevant times Defendant NEWELL BRANDS (hereinafter referred to as "NEWELL") was and is an entity, business form unknown, authorized to conduct business, and conducting business, in the

I

State of California, with a principal place of business located in the County of Los Angeles, in the State of California.

3. Plaintiff is informed and believes, and thereon alleges, that at all relevant times Defendant TARGET CORPORATION (hereinafter referred to as TARGET) was and is an entity, business form unknown, authorized to conduct business, and conducting business, in the State of California, with a principal place of business located in the County of Los Angeles, in the State of California.

4. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned Defendants NEWELL, TARGET, DOES 1 to 99, inclusive, and ROES 1 to 99, inclusive, and each of them, were the agents, representatives and/or employees of each other and were acting within the purpose and scope of their agency. The acts and conduct alleged herein of each such Defendant were known to, authorized and ratified by each such Defendant.

5. The true names or capacities, whether individual, corporate, associate or otherwise, of the Defendants designated herein as Does 1 to 99, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this Complaint at such time as the true names and/or capacities are ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a Doe is negligently or otherwise responsible in some manner for the events and happenings referred to, and negligently caused the injuries and damages to Plaintiff as herein alleged.

6. The true names or capacities, whether individual, corporate, associate or otherwise, of the Defendants designated herein as Roes 1 to 99, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this Complaint at such time as the true names and/or capacities are ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a Roe is negligently or otherwise responsible in some manner for the events and happenings referred to, and negligently caused the injuries and damages to Plaintiff as herein alleged.

2

PLAINTIFF'S COMPLAINT FOR DAMAGES

7. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each Defendant, whether known or unknown and whether sued by name or as a Doe or Roe defendant, was the agent, employee and/or employer of each of the remaining Defendants and was acting within the scope and course of said agency and employment.

8. Plaintiff is informed and believes, and thereon alleges, that at all relevant times in or about October 23, 2023, the Plaintiff purchased from defendant TARGET a product identified as a "Mr. Coffee" Automatic Coffee Grinder believed to be Model No. BVMC-PBG77 (hereinafter referred to as the "Subject Product") designed, manufactured, advertised, distributed and placed into the stream of commerce for sale in the State of California by Defendants, and each of them. Plaintiff is informed and believes that Defendant TARGET is an authorized seller for Defendant NEWELL and that Defendant TARGET sold the Subject Product to Plaintiff on Defendant NEWELL's behalf.

9. Plaintiff is informed and believes, and thereon alleges, that at all relevant times in or about October 23, 2023 said **Subject Product** was designed, manufactured, distributed, advertised, marketed and placed into the stream of commerce in the State of California by defendants, and each of them.

10. Plaintiff is informed and believes, and thereon alleges, that at all relevant times in or about October 23, 2023 said **Subject Product** was designed, manufactured, advertised, marketed and sold by Defendants NEWELL, TARGET, DOES 1 to 99, inclusive, and ROES 1 to 99, inclusive, and each of them, for purchase and use by members of the general public in the State of California.

11. At the time of purchase, Defendants NEWELL, TARGET, DOES 1 to 99, inclusive, and ROES 1 to 99, inclusive, and each of them, warranted to Plaintiff that the subject product was of good quality and design, free from defect, and fit for its intended purposes and use.

12. Subsequently, on or about October 23, 2023, Plaintiff was injured while using the Subject Product designed, manufactured, packaged, advertised, distributed and placed into the stream of commerce for sale in the State of California by Defendants, and each of them. While

3

PLAINTIFF'S COMPLAINT FOR DAMAGES

using the product for its intended and foreseeable purpose, the subject product due to its defective design and manufacturing, malfunctioned and severed a portion of Plaintiff's finger, causing serious and permanent injures to Plaintiff.

13. At the time of injury on October 23, 2023, caused by the dangerous and defective product sold to Plaintiff by Defendants, the Plaintiff was using the subject product for its intended purpose, and in accordance with the manner in which Defendants misrepresented to Plaintiff the subject product was fit for in use. Furthermore, at all relevant times Plaintiff used the product for its purpose intended by the manufacturer, distributor and/or retailer of the product.

14. Plaintiff is informed and believes, and thereon alleges, that at all relevant times in or about October 23, 2023, said product, sold to Plaintiff by defendants, was dangerous and defective in its design and manufacturing, and unfit for any purpose, or was in such an unsafe condition when sold by Defendants to Plaintiff, that it constituted a dangerous and defective product.

15. Based upon the misconduct of Defendants as alleged herein, Plaintiff suffered permanent personal injury as a result of Plaintiff's use of the subject product sold to Plaintiff by Defendants, and each of them.

## FIRST CAUSE OF ACTION

### (STRICT PRODUCTS LIABILITY-FAILURE TO WARN)

(Alleged Against All Defendants)

16. Plaintiff incorporates herein by reference all the allegations set forth in paragraphs 1 through 15, inclusive, in their entirety as if fully set forth herein and with the same force and effect.

17. At all relevant times Defendants, and each of them, manufactured, marketed, distributed, and sold at the retail level to the public the product identified as a "Mr. Coffee" Automatic Coffee Grinder believed to be Model No. BVMC-PBG77 (hereinafter referred to as the "Subject Product"). Defendants further misrepresented to the public, including Plaintiff, that the product was free from defects, safe for use and posed no health or safety risk.

4

PLAINTIFF'S COMPLAINT FOR DAMAGES

18. Defendants, and each of them, failed to disclose to the public, including Plaintiff, that the subject product was and is in fact harmful, unfit for human use, and is dangerous as designed, or was in such a dangerous and defective condition that it was unsafe for use in its intended purpose. Furthermore, defendants failed to disclose to the public, including Plaintiff, that use of the product posed a serious risk to the health and safety of intended users of the product. Defendants failed to disclose that the subject product was and is prone to malfunction, and lacks necessary safety guards. Moreover, Defendants failed to disclose that the subject product's safety hinge/locking mechanism was prone to breaking and/or malfunction.

19. Defendants, and each of them, further concealed or failed to warn the public, including Plaintiff, that users of the subject dangerous and defective product faced a substantial risk of suffering severe and permanent injuries.

20. At all relevant times, defendants and each of them, owed a duty to Plaintiff as a consumer of Defendants' product to warn Plaintiff that said **Subject Product** was dangerous, unsafe, unfit for use under any circumstances **and unfit for the Subject Products intended and advertised use**. Defendants also had an obligation to warn Plaintiff of the potential adverse and dangerous adverse effects of use of the subject product **and of the failure of the Subject Product to function as designed and advertised to the Public**. Defendants, and each of them, breached said duty by failing to provide reasonable and necessary warnings to Plaintiff.

21. **On or about October 23, 2023, Plaintiff was injured while using the subject product designed, manufactured, packaged, advertised, distributed and placed into the stream of commerce for sale in the State of California by defendants, and each of them.**

22. Plaintiff is informed and believes, and thereon alleges, that the misconduct of Defendants, and each of them, is the proximate cause of all damages to Plaintiff herein alleged. The full nature and extent of Plaintiff's injuries and damages are not presently known, and Plaintiff shall seek leave to amend to include further and additional damages at a later time.

23. As a direct and proximate result of the misconduct of the Defendants, and each of them, Plaintiff was seriously injured in health, strength and activity, sustaining injury to the body and shock and injury to the nervous system and person, all of which said injuries have

5

caused, and continue to cause Plaintiff great physical, mental and nervous pain, suffering and anguish, all to Plaintiff's general damage in a sum in excess of the minimal jurisdictional requirements of this Court to be determined at some future date, according to law. Accordingly, Plaintiff will also seek prejudgment interest for all such damages.

24. As a further direct and proximate result of the misconduct of the defendants, and each of them, Plaintiff was required to, and did, employ physicians, surgeons and other health care practitioners to examine, treat and care for him, and did incur medical and incidental expenses. The exact amount of such expenses are unknown to Plaintiff at this time, and Plaintiff will ask leave to amend this Complaint to set forth the exact amount thereof when the same is ascertained.

25. As a further direct and proximate result of the misconduct of the Defendants, and each of them, Plaintiff sustained loss of earnings and earning capacity. The exact amount of such loss is unknown to Plaintiff at this time, and Plaintiff will ask leave to amend this Complaint to set forth the exact amount thereof when the same is ascertained.

## SECOND CAUSE OF ACTION

### (STRICT PRODUCTS LIABILITY-DESIGN DEFECT)

(Alleged Against All Defendants)

26. Plaintiff incorporates herein by reference all the allegations set forth in paragraphs 1 through 25, inclusive, in their entirety as if fully set forth herein and with the same force and effect.

27. Plaintiff is informed and believes, and hereon alleges, that at all relevant times Defendants NEWELL, TARGET and ROES 1-20, inclusive, and each of them, were each involved in the design and manufacturing of the subject product.

28. At all relevant times, Defendants and each of them, owed a duty to Plaintiff as a member of the public who used the Subject Product to sell Plaintiff the Subject Produce free from a design defect or danger. Defendants and each of them, breached said duty by negligently placing into the stream of commerce and selling to Plaintiff a dangerous and defective product that was defective in its design, and therefore unfit for its intended use or purpose.

6

29. Plaintiff is further informed and believes, and hereon alleges, that said design of the subject product was horribly defective and incredibly dangerous. The intended design of the product called created a situation where the subject product was unstable and unsafe. The subject product was and is prone to malfunction and lacks the necessary safety protections for consumers, including Plaintiff. As such the product was known by Defendants to cause serious harm to intended users, including severe injury and death. As a result, the subject product as intentionally designed was unsafe for its intended use under any circumstances.

30. On or about October 23, 2023, Plaintiff was injured while using the subject product designed, manufactured, packaged, advertised, distributed and placed into the stream of commerce for sale in the State of California by defendants, and each of them. While sitting on and using the Subject Product, part of the Subject Product malfunctioned/broke, severing a portion of Plaintiff's finger, resulting in serious and permanent injures. The collapse of the Subject Product, was not caused in any part by Plaintiff's conduct while sitting on the Subject Product.

31. At all relevant times defendants, and each of them, knew or should have known that the subject product as intentionally designed by said Defendants was dangerous and defective in its design.

32. At all relevant times, Defendants and each of them, owed a duty to Plaintiff as a consumer of defendants' product to design a product that was safe for its intended use. In spite of this duty, Defendants, and each of them, breached said duty by placing into the stream of commerce, and selling to Plaintiff, a dangerously designed and defective product.

33. At all relevant times, Defendants also had an obligation to design and sell a product free from danger and/or defects. Defendants, and each of them, breached said duty by providing to Plaintiff a defective and dangerous product.

34. Plaintiff is informed and believes, and thereon alleges, that the defective design of the subject product by Defendants, and each of them, is the proximate cause of all damages to Plaintiff herein alleged. The full nature and extent of Plaintiff's injuries and damages are not

7

presently known, and Plaintiff shall seek leave to amend the Complaint to include further and additional damages at a later time.

35. As a direct and proximate result of the defective design of the subject product by Defendants, and each of them, Plaintiff was seriously injured in health, strength and activity, sustaining injury to the body and shock and injury to the nervous system and person, all of which said injuries have caused, and continue to cause Plaintiff great physical, mental and nervous pain, suffering and anguish, all to Plaintiff's general damage in a sum in excess of the minimal jurisdictional requirements of this Court to be determined at some future date, according to law. Accordingly, Plaintiff will also seek prejudgment interest for all such damages.

36. As a further direct and proximate result of the defective design of the subject product by defendants, and each of them, Plaintiff was required to, and did, employ physicians, surgeons and other health care practitioners to examine, treat and care for Plaintiff, and did incur medical and incidental expenses. The exact amount of such expenses are unknown to Plaintiff at this time, and Plaintiff will ask leave to amend this Complaint to set forth the exact amount thereof when the same is ascertained.

37. As a further direct and proximate result of the defective design of the subject product by defendants, and each of them, Plaintiff sustained loss of earnings and earning capacity. The exact amount of such loss is unknown to Plaintiff at this time, and Plaintiff will ask leave to amend this Complaint to set forth the exact amount thereof when the same is ascertained.

## THIRD CAUSE OF ACTION

### (STRICT PRODUCTS LIABILITY-MANUFACTURING DEFECT)

(Alleged Against All Defendants)

38. Plaintiff incorporates herein by reference all the allegations set forth in paragraphs 1 through 37, inclusive, in their entirety as if fully set forth herein and with the same force and effect.

39. At all relevant times, defendants and each of them, owed a duty to Plaintiff as a consumer of Defendants' product to sell Plaintiff a product free from manufacturing defect or

8

danger. Defendants, and each of them, breached said duty by negligently placing into the stream of commerce and selling to Plaintiff a dangerous and defective product that was unfit for its intended use or purpose. The manufacturing of the Subject Product created a situation where the subject product was unsteady, unstable and unsafe. The subject product was and is prone to malfunction and lacked necessary safety protections.

40. On or about October 23, 2023, Plaintiff was injured while using the subject product designed, manufactured, packaged, advertised, distributed and placed into the stream of commerce for sale in the State of California by defendants, and each of them.

41. Plaintiff is informed and believes, and thereon alleges, that the misconduct of Defendants, and each of them, is the proximate cause of all damages to Plaintiff herein alleged. The full nature and extent of Plaintiff's injuries and damages are not presently known, and Plaintiff shall seek leave to amend the Complaint to include further and additional damages at a later time.

42. As a direct and proximate result of the negligence of the defendants, and each of them, Plaintiff was seriously injured in health, strength and activity, sustaining injury to the body and shock and injury to the nervous system and person, all of which said injuries have caused, and continue to cause Plaintiff great physical, mental and nervous pain, suffering and anguish, all to Plaintiff's general damage in a sum in excess of the minimal jurisdictional requirements of this Court to be determined at some future date, according to law. Accordingly, Plaintiff will also seek prejudgment interest for all such damages.

43. As a further direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff was required to, and did, employ physicians, surgeons and other health care practitioners to examine, treat and care for him, and did incur medical and incidental expenses. The exact amount of such expenses are unknown to Plaintiff at this time, and Plaintiff will ask leave to amend this Complaint to set forth the exact amount thereof when the same is ascertained.

-9

44. As a further direct and proximate result of the negligence of the defendants, and each of them, Plaintiff sustained loss of earnings and earning capacity. The exact amount of such loss is unknown to Plaintiff at this time, and Plaintiff will ask leave to amend this Complaint to set forth the exact amount thereof when the same is ascertained.

## FOURTH CAUSE OF ACTION

### (NEGLIGENCE)

(Alleged Against All Defendants)

45. Plaintiff incorporates herein by reference all the allegations set forth in paragraphs 1 through 44, inclusive, in their entirety as if fully set forth herein and with the same force and effect.

46. Plaintiff alleges that he was further injured due to negligent acts or omissions by an agent, representative or employee of Defendants, and each of them.

47. At all relevant times Defendants, and each of them, failed to use reasonable care and were negligent in the design, manufacturing, marketing, and distribution at the retail level to the public the product identified as a "coffee grinder".

48. Defendants and each of them had a duty to ensure that the Subject Product was free of defects and was not dangerous, unsteady, unstable and unsafe to members of the public including Plaintiff who intended to use the Subject Product.

49. As a result, Defendants, and each of them, breached their duty owed to the public, including and specifically Plaintiff, by said Defendants failing to act as reasonably careful designers, manufacturers and/or suppliers of products, and failing to protect users of the subject dangerous and defective product from a substantial risk of suffering severe and permanent injuries. Furthermore, Defendants and each of them breached said duty by selling to Plaintiff the Subject Product that was defective and incredibly dangerous as the Subject Product was unsteady, unstable and unsafe by being prone to collapse and/or tipping or falling over.

50. Plaintiff alleges that she was further injured due to negligent acts or omissions by an agent, representative or employee of Defendants, and each of them. On or about October 23, 2023, Plaintiff was injured while using the subject product designed, manufactured, packaged,

10

advertised, distributed and placed into the stream of commerce for sale in the State of California by Defendants, and each of them.

51. As a direct and proximate result of the afore-described carelessness and negligence of the Defendants, and each of them, Plaintiff sustained the heretofore and hereinafter described injuries and damages.

52. As a direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff was seriously injured in health, strength and activity, sustaining injury to the body and shock and injury to the nervous system and person, all of which said injuries have caused, and continue to cause Plaintiff great physical, mental and nervous pain, suffering and anguish, all to Plaintiff's general damage in a sum in excess of the minimal jurisdictional requirements of this Court to be determined at some future date, according to law. Accordingly, Plaintiff will also seek prejudgment interest for all such damages.

53. As a further direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff was required to, and did, employ physicians, surgeons and other health care practitioners to examine, treat and care for her, and did incur medical and incidental expenses. The exact amount of such expenses are unknown to Plaintiff at this time, and Plaintiff will ask leave to amend this Complaint to set forth the exact amount thereof when the same is ascertained.

54. As a further direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff sustained loss of earnings and earning capacity. The exact amount of such loss is unknown to Plaintiff at this time, and Plaintiff will ask leave to amend this Complaint to set forth the exact amount thereof when the same is ascertained.

**WHEREFORE**, Plaintiff prays as follows:

## FIRST CAUSE OF ACTION

1. For the principal amount of the value of Plaintiff's claim, subject to proof at trial;

2. For legal interest on the sum of Plaintiff's losses between October 23, 2023 and the present time, and continuing, according to proof;

11

3. Plaintiff's losses between October 23, 2023 and the present time, and continuing, according to proof;

4. For damages for lost income, according to proof;

5. For special damages, according to proof;

6. For general damages, according to proof;

7. For court costs and fees according to proof;

8. For punitive and/or exemplary damages in an amount to punish Defendants;

9. For pre-judgment interest;

10. For such other and further relief as the court may deem just and proper.

## SECOND CAUSE OF ACTION

1. For the principal amount of the value of Plaintiff's claim, subject to proof at trial;

2. For legal interest on the sum of Plaintiff's losses between October 23, 2023 and the present time, and continuing, according to proof;

3. Plaintiff's losses between October 23, 2023 and the present time, and continuing, according to proof;

4. For damages for lost income, according to proof;

5. For special damages, according to proof;

6. For general damages, according to proof;

7. For court costs and fees according to proof;

8. For punitive and/or exemplary damages in an amount to punish Defendants;

9. For pre-judgment interest;

10. For such other and further relief as the court may deem just and proper.

## THIRD CAUSE OF ACTION

1. For the principal amount of the value of Plaintiff's claim, subject to proof at trial;

2. For legal interest on the sum of Plaintiff's losses between October 23, 2023 and the present time, and continuing, according to proof;

12

3.  Plaintiff's losses between October 23, 2023 and the present time, and continuing, according to proof;

4.  For damages for lost income, according to proof;

5.  For special damages, according to proof;

6.  For general damages, according to proof;

7.  For court costs and fees according to proof;

8.  For punitive and/or exemplary damages in an amount to punish Defendants;

9.  For pre-judgment interest;

10. For such other and further relief as the court may deem just and proper.

### FOURTH CAUSE OF ACTION

1.  For the principal amount of the value of Plaintiff's claim, subject to proof at trial;

2.  For legal interest on the sum of Plaintiff's losses between October 23, 2023 and the present time, and continuing, according to proof;

3.  Plaintiff's losses between October 23, 2023 and the present time, and continuing, according to proof;

4.  For damages for lost income, according to proof;

5.  For special damages, according to proof;

6.  For general damages, according to proof;

7.  For court costs, arbitration costs and attorney fees, according to proof;

8.  For pre-judgment interest;

9.  For such other and further relief as the court may deem just and proper.

/ / /

/ / /

/ / /

13

## ALL CAUSES OF ACTION

1. For costs of suit incurred herein; and,

2. For such other and further relief as the court may deem just and proper.

## PLAINTIFF DEMANDS TRIAL BY JURY

Plaintiff hereby demands trial by jury on all issues so triable in the Complaint pursuant to California law and the United States Constitution.

DATE: October 21, 2025                    THE NOVAK LAW FIRM, P.C.


BY:_____
                    SEAN M. NOVAK
                    FARBOD YOUMTOBIAN
                    Attorney for Plaintiff
                    KENNETH MILLER

I4

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Sean M. Novak, Esq. (SBN 198307)/THE NOVAK LAW FIRM, P.C.<br>2609 N. Sepulveda Blvd., Manhattan Beach, CA 90266<br><br>TELEPHONE NO.: 310-921-8712    FAX NO.: 310-921-8732<br>EMAIL ADDRESS: service@novaklawfirm.com<br>ATTORNEY FOR (Name): Plaintiff KENNETH MILLER | FOR COURT USE ONLY<br><br>Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>10/22/2025 3:12 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By A. Miranda, Deputy Clerk |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 275 Magnolia Ave.
MAILING ADDRESS: 275 Magnolia Ave.
CITY AND ZIP CODE: Long Beach, CA 90802
BRANCH NAME: Governor George Deukmejian Courthouse

CASE NAME:
KENNETH MILLER v. NEWELL BRANDS et al.

| **CIVIL CASE COVER SHEET**<br>[x] **Unlimited**    [ ] **Limited**<br>(Amount      (Amount<br>demanded     demanded is<br>exceeds $35,000)   $35,000 or less) | **Complex Case Designation**<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>**25LBCV02942**<br><br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

| **Auto Tort**<br>[ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[x] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | **Contract**<br>[ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**<br>[ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint (not specified above) (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition (not specified above) (43) |
|---|---|---|

2.  This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties
    b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
    c. [ ] Substantial amount of documentary evidence
    d. [ ] Large number of witnesses
    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4.  Number of causes of action (specify): Four (4) Causes of Action incl. Strict Products Liability
5.  This case [ ] is [x] is not a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: October 21, 2025
Sean M. Novak, Esq.
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. **Page 1 of 2**

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
  Uninsured Motorist (46) (if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability (not asbestos or
  toxic/environmental) (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) (not civil
  harassment) (08)
 Defamation (e.g., slander, libel) (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   (not medical or legal)
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract (not unlawful detainer
   or wrongful eviction)
  Contract/Warranty Breach–Seller
   Plaintiff (not fraud or negligence)
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
 Insurance Coverage (not provisionally
  complex) (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (not eminent
  domain, landlord/tenant, or
  foreclosure)
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) (if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
   Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  (arising from provisionally complex
  case type listed above) (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (non-domestic
   relations)
  Sister State Judgment
  Administrative Agency Award
   (not unpaid taxes)
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint (not specified above) (42)
  Declaratory Relief Only
  Injunctive Relief Only (non-
   harassment)
  Mechanics Lien
  Other Commercial Complaint
   Case (non-tort/non-complex)
  Other Civil Complaint
   (non-tort/non-complex)
**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition (not specified above) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. January 1, 2024]   **CIVIL CASE COVER SHEET**   Page 2 of 2

| SHORT TITLE<br>MILLER v. NEWELL BRANDS et al. | CASE NUMBER<br>25LBCV02942 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE<br>MILLER v. NEWELL BRANDS et al. | | | CASE NUMBER<br>25LBCV02942 |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☑ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| MILLER v. NEWELL BRANDS et al. | 25LBCV02942 |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| | | |
|---|---|---|
| LASC CIV 109 Rev. 01/23<br>For Mandatory Use | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | LASC Local Rule 2.3 |

| SHORT TITLE<br>MILLER v. NEWELL BRANDS et al. | | CASE NUMBER<br>25LBCV02942 |
|---|---|---|

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23          **CIVIL CASE COVER SHEET ADDENDUM**          LASC Local Rule 2.3

For Mandatory Use                        **AND STATEMENT OF LOCATION**

| SHORT TITLE<br>MILLER v. NEWELL BRANDS et al. | CASE NUMBER<br>25LBCV02942 |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>1750 E. Appleton St. | |
|---|---|---|
| CITY:<br>Long Beach | STATE:<br>CA | ZIP CODE:<br>90802 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>Gov. George Deukmejian Ct</u> District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: <u>10/21/2025</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Governor George Deukmejian Courthouse<br>275 Magnolia Ave, Long Beach, CA 90802 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/22/2025**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ A. Miranda _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>25LBCV02942 |

<u>**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**</u>

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Michael P. Vicencia | S26 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 10/27/2025 _____    By A. Miranda _____ , Deputy Clerk
(Date)

LACIV 190 (Rev 6/18)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

| | Reserved for Clerk's File Stamp |
|---|---|
| # SUPERIOR COURT OF CALIFORNIA<br># COUNTY OF LOS ANGELES | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/27/2025**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ A. Miranda _____ Deputy |

COURTHOUSE ADDRESS:
Governor George Deukmejian Courthouse
275 Magnolia Ave, Long Beach, CA 90802

PLAINTIFF:
KENNETH MILLER

DEFENDANT:
NEWELL BRANDS, et al.

| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>25LBCV02942 |
|---|---|

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

> Date: 03/26/2026    Time: 8:30 AM    Dept.: S26

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 10/27/2025

Judicial Officer
Michael P. Vicencia / Judge

---

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Long Beach__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Sean M. Novak
2609 N Sepulveda Blvd
Manhattan Beach, CA 90266

David W. Slayton, Executive Officer / Clerk of Court

Dated: 10/27/2025

By A. Miranda
Deputy Clerk

LASC LACIV 132 Rev. 01/23
For Optional Use

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH

*Superior Court of California, County of Los Angeles*
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 11/24
For Mandatory Use                                                                 Page 1 of 3

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at* www.lacourt.org/ADR/programs.html.
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at* www.lacourt.org/ADR *or email* ADRCivil@lacourt.org.

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at* ADRCivil@lacourt.org.

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit* https://resolvelawla.com.

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Governor George Deukmejian Courthouse<br><br>275 Magnolia Ave, Long Beach, CA 90802 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**10/27/2025**<br><br>David W. Slayton, Executive Officer / Clerk of Court<br><br>By: _____ A. Miranda _____ Deputy |
| PLAINTIFF(S):<br>KENNETH MILLER | |
| DEFENDANT(S):<br>NEWELL BRANDS, et al. | |
| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER:<br>25LBCV02942 |

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>01/12/2026</u> at <u>8:30 AM</u> in department <u>S26</u> of this court, <u>Governor George Deukmejian Courthouse</u>, and show cause why sanctions should not be imposed for:

[✔]    Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following: California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]    To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: <u>10/27/2025</u>

Michael P. Vicencia / Judge
_____
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

LACIV 166 (Rev. 09/08)
LASC Approved 06-04

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

SEAN M. NOVAK, ESQ. (State Bar No. 198307)
FARBOD YOUMTOBIAN, ESQ. (State Bar No. 322576)
ELISHEVA RAFAEL, ESQ. (State Bar No. 325829)
**THE NOVAK LAW FIRM, P.C.**
2609 North Sepulveda Blvd.
Manhattan Beach, California 90266
Telephone: (310) 921-8712 | Facsimile: (310) 921-8732
service@novaklawfirm.com

Attorneys for Plaintiff
KENNETH MILLER

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# COUNTY OF LOS ANGELES-GOVERNOR DUKE DEUKMEJIAN
# COURTHOUSE

| | |
|---|---|
| KENNETH MILLER, | Case No.   25LBCV02942 |
| Plaintiff, | |
| v. | **PLAINTIFF'S NOTICE OF HEARING** |
| NEWELL BRANDS; TARGET CORPORATION; DOES 1 to 99, inclusive; and ROES 1 to 99, inclusive, | |
| Defendants. | |

//
//
//
//
//
//
//
//

//

**TO ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 27, 2025, the Court set the following:

      1.  Order to Show Cause Hearing re Failure to File Proof of Service is scheduled for January 12, 2026, at 8:30am

      2.  Case Management Conference is scheduled for March 26, 2026, at 8:30am.

      These hearings will be heard in Department S26 of the Governor George Deukmejian Courthouse, located 275 Magnolia Ave, Long Beach, CA 90802.

The Court's notice is attached hereto as Exhibit "A"

Plaintiff was ordered to give notice.

Date: October 29, 2025,                                    **THE NOVAK LAW FIRM, P.C.**

By: *C. Rafael*
           Sean Novak, Esq.
           Elisheva Rafael, Esq.
           Attorneys for Plaintiff
           KENNETH MILLER

-1-

**PLAINTIFF'S NOTICE OF HEARING**

# EXHIBIT A

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Governor George Deukmejian Courthouse<br><br>275 Magnolia Ave, Long Beach, CA 90802 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/27/2025**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ A. Miranda _____ Deputy |
| PLAINTIFF(S):<br>KENNETH MILLER | |
| DEFENDANT(S):<br>NEWELL BRANDS, et al. | |
| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER:<br>25LBCV02942 |

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>01/12/2026</u> at <u>8:30 AM</u> in department <u>S26</u> of this court, <u>Governor George Deukmejian Courthouse</u>_____, and show cause why sanctions should not be imposed for:

[✔]    Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following: California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]    To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: <u>10/27/2025</u>

_____
Michael P. Vicencia / Judge
Judicial Officer

LACIV 166 (Rev. 09/08)
LASC Approved 06-04

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Governor George Deukmejian Courthouse
275 Magnolia Ave, Long Beach, CA 90802

PLAINTIFF:
KENNETH MILLER

DEFENDANT:
NEWELL BRANDS, et al.

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

−10/27/2025

David W. Slayton, Executive Officer / Clerk of Court

By: _____ A. Miranda _____ Deputy

CASE NUMBER:
25LBCV02942

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 03/26/2026 | Time: 8:30 AM | Dept.: S26 |

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 10/27/2025

_____ Judicial Officer

Michael P. Vicencia / Judge

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Long Beach _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Sean M. Novak
2609 N Sepulveda Blvd
Manhattan Beach, CA 90266

David W. Slayton, Executive Officer / Clerk of Court

Dated: 10/27/2025

By A. Miranda _____
Deputy Clerk

LASC LACIV 132 Rev. 01/23
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH